264 N.J. Super. 208 (1993)
624 A.2d 99
ESTATE OF BIBI HUSSAIN BY ALI HUSSAIN, AND ALI HUSSAIN, INDIVIDUALLY, PLAINTIFF,
v.
ALLAN GARDNER, M.D., ET AL., DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
March 11, 1993.
*209 Gerald O'Connor for plaintiff (O'Connor & Rhatican, attorneys).
E. Burke Giblin for defendant Gardner (Giblin & Combs, attorneys).
Theodore E.B. Einhorn for defendant St. Clares Riverside Medical Center (Einhorn, Harris, Ascher & Barbarito, attorneys).

OPINION
HARPER, J.S.C.
This is a medical malpractice action in which the plaintiff alleges that defendant physician deviated from accepted medical standards in the care and treatment of plaintiff's decedent during surgical procedures. The issue presented to this court is whether statements given by defendant to the hospital's Quality Assessment Committee, an internal peer review committee relating to the management and treatment of plaintiff's decedent, are discoverable. This court determines that such communications fall within the self-evaluation privilege and therefore are not discoverable.
At the time of the alleged malpractice, defendant was employed by St. Clares/Riverside Medical Center ("St. Clares"). In August *210 of 1992, plaintiff served a subpoena ad testificandum on Dr. Joseph Trunfio, President of St. Clares, to produce all original correspondence, communications, writings and statements given to the hospital concerning defendant, Dr. Gardner's, explanation and statements relative to the management and care of his patient Bibi Hussain. On November 6, 1992, St. Clares filed a motion to quash the subpoena, or in the alternative, for an in camera review of information requested in the plaintiff's subpoena. By order dated November 12, 1992, the court denied without prejudice the motion to quash the subpoena and further ordered counsel for St. Clares to submit the information requested by way of subpoena to the court for an in camera inspection to determine the extent to which all or any part of the subpoenaed information is discoverable.
After reviewing the Quality Assessment Committee file submitted by St. Clares and for the reasons set forth below, the court hereby quashes the subpoena of Dr. Joseph Trunfio relative to defendant's statements to the Quality Assessment Committee.
Rule 4:10-2(a) provides that "[p]arties may obtain discovery regarding any matter involved in the pending action ..." Although the statements given by defendant to St. Clares Quality Assessment Committee are clearly relevant in that they relate to the treatment provided by defendant, the court must examine whether this information falls within the self-evaluation privilege as discussed in Wylie v. Mills, 195 N.J. Super. 332, 478 A.2d 1273 (Law Div. 1984). In Wylie, supra, the court adopted the privilege used in several federal jurisdictions which prevents disclosure of confidential, critical evaluative and/or deliberative material whenever the public interest in confidentiality outweighs an individual's need for full discovery. In applying the privilege to information contained in an in-house corporate report on an accident in which an employee was involved, the court held that the self-evaluation privilege protected the report from discovery. In reaching this conclusion, the court stressed the importance of self critical analysis in recognizing past problems and trying to eliminate future problems. Without such protection, candid expressions of opinion or suggestions as to future policy would not be forthcoming due to *211 a fear that these statements may be used against the employer in a subsequent litigation.
The standard used for disclosure of confidential investigative records relating to a licensing board's inquiry into a professional's acts in the health care field was set forth in McClain v. College Hosp., 99 N.J. 346, 492 A.2d 991 (1985). Although the Supreme Court dealt with licensing board's investigations rather than peer reviews, the same concerns exist. A party seeking opinions and conclusions of an internal investigation or evaluation should demonstrate a need more compelling than the agency's recognized interest in confidentiality. The McClain court held that the standard governing the disclosure of confidential investigative records relating to a licensing board's inquiry into the conduct of professionals requires a strong showing of particularized need that outweighs the public interest in confidentiality of the investigative proceedings. In applying this standard, the court set forth the following factors which should be taken into consideration: (1) the extent to which the information may be available from other sources, (2) the degree of harm that the litigant will suffer from its unavailability, and (3) the possible prejudice in the agency's investigation. Id. at 351, 492 A.2d 991.
The standard set forth in McClain v. College Hosp., supra, was applied to a hospital's Peer Review Committee file in Bundy v. Sinopoli, 243 N.J. Super. 563, 580 A.2d 1101 (Law Div. 1990). In Bundy, supra, the defendant doctor performed a hysterectomy on plaintiff in Community Memorial Hospital. In the course of discovery, plaintiff subpoenaed records maintained by the Peer Review Committee with respect to the care and treatment of the plaintiff. Defendant filed a motion to quash the subpoena asserting that the material was confidential and privileged. In reaching its decision the court discussed the process of Peer Review and determined that the purpose of such a committee is self-evaluation and health care improvement. This purpose is accomplished by the freedom of doctors, nurses and hospital staff to express their opinions, evaluations and criticisms to provide the basis for change and improvement in the medical field. As such, the public benefits from these committees and to force hospitals to produce these materials would "inhibit candor and stifle improvement." Id. at *212 572, 580 A.2d 1101. The Bundy court went on to hold that "the opinions, criticisms, and evaluations contained within the Peer Review file come within the self-evaluation privilege and are absolutely protected." Id. The court then ordered defendant to submit the entire Peer Review file to this court for its in camera inspection so that the court might apply the McClain balancing test.
This court now adopts the holding set forth in Bundy and after applying the McClain balancing test to the documents submitted following the court's in camera review, holds that plaintiffs have not made a strong showing of particularized need that outweighs the public interest in the confidentiality of the Quality Assessment Committee.
With respect to the extent to which the information may be available from other sources, the court finds that the information sought by plaintiff is readily discoverable. Plaintiff is free to depose defendant, Dr. Gardner, to determine factual information relative to defendant's explanations as to what he did or did not do during his performance of surgical procedures. Secondly, the court finds that plaintiff will suffer minimal harm, if any, as a result of the unavailability of the Quality Assessment Committee file in view of the plaintiff's ability to obtain the same information through other avenues of discovery. Lastly, the court finds that to establish a precedent for the production of such files would severely prejudice the ability of St. Clares Riverside and its doctors to evaluate and criticize medical procedures in accordance with the overall public policy for improving medical care.
For the foregoing reasons, St. Clares motion to quash the subpoena is hereby granted.